Thomson, P. J.,
delivered the opinion of the court.
This suit originated in a dispute between Marx Kern and the estate of George F. Cummings concerning the amount of water to which each was entitled out of a certain ditch which they owned in common; Kern claiming the use of the water *366 for three and one half days of each week, and the estate denying his right to such use for more than thrge days of each week. Kern brought the dispute into the district court, making the widow and heirs of George F. Cummings parties defendant, where, upon the pleadings filed by the several parties, a trial was had, which resulted in a decree awarding the use of the water to the defendants for four days of each week, and to the plaintiff for three days of each week. The plaintiff has prosecuted error from the decree to this court.
The evidence for the plaintiff was confined to parol proof of ownership by him of one half of the ditch and right of way, and a reservoir site, and the use by him at intervals of water from the ditch, in accordance with the claim made by him, with the consent of the defendants. The defendants put in evidence a deed from the original owners of the ditch to the plaintiff for an undivided half of the ditch, with the right to take water from it three days in each week. The evidence shows no other paper title to the water in the plaintiff. The defendants also introduced in evidence a deed from the original owners to George F. Cummings for their remaining interest in the ditch. The evidence for the defendants moreover tended to prove that prior to the death of Cummings the plaintiff never made claim to any right in the water in excess of that conveyed to him by the deed, but that afterwards he used the water occasionally for three and one half days in the week, sometimes without the consent of any person, and sometimes with a consent temporarily granted by the administratrix of the estate; but in respect to what took place after the death of Cummings the testimony was conflicting. The defendants introduced in evidence the record of an arbitration proceeding had between the plaintiff and the estate of Cummings sometime prior to the commencement of this suit, in which the water was awarded to the plaintiff for three days, and to the estate for four days of each week. Counsel for plaintiff says that admission of this record was error. He does not indicate very clearly in what he conceives the error to. consist, but it is not very material what his views on the *367 question may be, because he made no objection to the evidence. He says that he did object, and his printed abstract is so worded as to make it appear that he did. But upon referring to the certified transcript, we find that he is mistaken. While the defendant Sarah S. Cummings was testifying, after mention by her that she had proposed an arbitration, and that the plaintiff had signed an agreement for the purpose, her counsel asked her this question : “ Were any proceedings taken before those arbitrators ? ” The plaintiff objected to the question as incompetent, irrelevant and immaterial. The objection was overruled and an exception taken. After a number of other preliminary questions, the record was offered and introduced. Ho objection whatever was made to it, but we find immediately following the transcript statement of its introduction, a pencil memorandum as follows: “ Admitted, plaintiff excepted.” The transcript is typewritten, and whether those words were there when the bill of exceptions was signed by the judge we do not know; but it is immaterial when they were inserted, because an exception to the admission of evidence which is not preceded by an objection based on some specific ground is of no value. We are led to infer that counsel regards his objection to the question, put to Mrs. Cummings as reaching forward and embracing the record which was finally offered; but it had no such effect. That question, and a number of others which followed it, were merely preliminary to the offer of the record; and unless they were followed up by such offer they amounted to nothing. Considering the purpose of the question, and the fact that the court could not yet know what the record was which the defendants were preparing to offer, the objection was not well taken, and the court properly overruled it; but if counsel thought that the record itself was inadmissible, he should have objected to it when it was offered, and it was then, and then only, that it could have been objected to.
There was some other evidence to which the plaintiff unsuccessfully objected. We do not think the objections well taken; but it is not necessary to discuss them, because the *368 evidence did not add anything to the case which the defendants made against him, and, therefore, did him no harm. Upon the evidence contained in the record, our finding would probably have been the same as that of the district court, if the cause had been tried before us. It is sufficient, however, to say that although to some extent the testimony conflicted, there was ample evidence to support the decree, and it will therefore be affirmed.

Affirmed.